584 F.2d 663
 Kenneth Wayne JONES, Appellant,
v.
The STATE OF MARYLAND and her agents the Honorable Frank E.
Cicone, Judge, Circuit Court of Baltimore County, the
Honorable Kenneth C. Proctor, Judge, Circuit Court of
Baltimore County, Samuel Green, Former State's Attorney for
Baltimore County, Sandra O'Conner, State's Attorney for
Baltimore County, Phillip M. Sutley, Attorney at Law, John
Turnbull, Jr., Attorney at Law, Russell J. White, Attorney
at Law, Charles P. Howard, Jr., Attorney at Law, Henry P.
Turner, Chairman, Maryland Parole Board, Detective Lesley
Stickles, Baltimore City Police Department (Narcotics
Division), Detective Robert Oatman, Baltimore County Police
Department(Narcotics Division), and all such others whose
names do not here appear, the Honorable Marvin J. Land,
Judge, Circuit Court for Baltimore County, Unknown Female
Clerk, Appellees.
 No. 76-2085.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 5, 1978.
Decided Oct. 4, 1978.
 
 Michael S. Elder, The Legal Services Clinic, Baltimore, Md. (Michael A. Millemann, Joyce R. Branda, The Legal Services Clinic, Baltimore, Md., Lawrence L. Hooper, Jr., Third Year Law Student on brief), for appellant.
 Barry Bach, Baltimore, Md. (Michael James Kelly, Smith, Somerville & Case, Baltimore, Md., Harry S. Shapiro, Chief Asst. County Sol., Robert C. Verderaime, Verderaime & DuBois, Baltimore, Md., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and CHAPMAN,* District Judge.
 PER CURIAM:
 
 
 1
 Jones, who is incarcerated under a Maryland conviction for violation of the state narcotics laws, filed a far-ranging civil rights complaint against Maryland, two State judges, two State's Attorneys, four private attorneys, the Chairman of the State Parole Board, and two police officers, asserting many denials of his constitutional rights. With respect to the police officers, the complaint alleged, Inter alia, that in securing a search warrant, the execution of which uncovered evidence used to convict Jones, they unlawfully entered the residence searched (presumably because the warrant was unlawful) and unlawfully conspired to lie to the judicial officer who issued the warrant. In dismissing the original complaint, the district court granted leave to Jones to file an amended complaint with respect to the policemen, stating that Jones "has not pleaded facts in support of his claim that these police officers violated his constitutional rights . . . (but) (i)f plaintiff wishes to press his claim against these police officers, he should file an amended complaint and should state specifically and in detail the facts he relies upon in support of his claim for damages or injunctive relief against these two police officers."
 
 
 2
 Jones filed such an amended complaint. The complaint was treated by the district court as alleging that the two policemen perjured themselves in their joint application for a search warrant, thus invalidating the warrant, and the district court again dismissed the suit. Its reasoning, based upon decisions of other circuits, was that although Jones did not pray for his release, the precedential effect of his prevailing in his civil rights action would entail an adjudication that his conviction was obtained by the fruits of an unconstitutional search, and thus would effectively guarantee his release. But release from unlawful confinement may be effected only by an application for a writ of habeas corpus, and Jones could not be entitled to a writ of habeas corpus since he had not alleged that he had exhausted his available state remedies. The district court therefore feared that allowing Jones to proceed with his civil rights action might thwart the habeas corpus statute's policy of exhaustion.
 
 
 3
 We affirm, but for reasons different from those assigned by the district court.
 
 
 4
 We find it unnecessary to consider the correctness of the district court's ground of decision because we do not read Jones' amended complaint as alleging perjury on the part of either policeman or a conspiracy to commit perjury, and hence we conclude that he failed to state a claim upon which any relief could be granted. Dismissal of his complaint is therefore proper under Rule 12(b) (6), F.R.Civ.P.
 
 
 5
 Although proceeding Pro se, Jones' amended complaint was not the usual cryptic, succinct Pro se statement. He made general allegations that the policemen had acted illegally in conducting the search, but he attached a memorandum in support of his pleading setting forth in detail his theory of recovery. The various allegations of untruthfulness that he advances and the reasons why they are not actionable follow:
 
 
 6
 (2) 1. One of the policemen (Oatman) joined in the affidavit on which the search warrant was issued asserting that he had personal knowledge of the facts establishing probable cause when it is manifest that he lacked personal knowledge of some of the facts set forth in the affidavit.
 
 
 7
 The point is lacking in merit, first, because the affidavit recites that it is executed by the affiants on personal knowledge, Information and Belief, and a reading of the affidavit shows that the personal knowledge of the challenged crucial facts was possessed by the other policeman (Stickles) who undoubtedly communicated it to Oatman since both were engaged in a joint investigation.
 
 
 8
 (3) 2. Oatman had no basis on which to seek a warrant because he should not have believed what was told him by Stickles since Oatman had not known Stickles for long and it could be assumed that Stickles told Oatman that Stickles had obtained damaging information illegally.
 
 
 9
 The absurdity of this is apparent. It goes at most on the sufficiency of the affidavit, but it begs even that question because the affidavit would be sufficient if made only by Stickles.
 
 
 10
 (4) 3. Stickles made his affidavit in part on information furnished him by an allegedly reliable informant that narcotics were present on the premises to be searched, but the source of the informant's information is not disclosed.
 
 
 11
 Even if true, this assertion goes only to the sufficiency of the affidavit. It has no relevance to defendant's liability under the civil rights acts for perjury.
 
 
 12
 (5) 4. Stickles' statement of his Personal knowledge of Jones does not go beyond what is public knowledge of Jones. Moreover, his purported knowledge of Jones' address conflicts with that of the informant who said that Jones lived with a certain woman for whom he gave no address.
 
 
 13
 We see nothing demonstrating untruthfulness in these allegations.
 
 
 14
 (6) 5. In referring to the woman with whom Jones lived, the informant says that her last name was Jones. In fact, Jones and the woman are not married and therefore this was an untruth.
 
 
 15
 Even if the informant deliberately misrepresented the name of the woman, the untruth was committed by the informant (who made no affidavit) and not the policemen who are sued.
 
 
 16
 In short, although purporting to allege the evidentiary details of his claim of perjury, Jones failed to allege a case. Because the complaint was vulnerable to a motion under Rule 12(b)(6), we think that the district court correctly dismissed the amended complaint.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Robert F. Chapman, United States District Judge, District of South Carolina, sitting by designation